Sharon D. Cousineau
Samwel, Cousineau & Shea, PC
700 West Evergreen Blvd.
Vancouver, WA 98660
Tel. 360-750-3789
Fax 360-750-3788
scousineau@scslawoffice.com
ALICIA LESURE

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | | |
|---|---|---|
| ALICIA LESURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   14-1807 |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ALICIA LESURE ("Plaintiff"), through her attorneys, Samwel, Cousineau &

Shea, PC, alleges the following against Defendant, PORTFOLIO RECOVERY ASSOCIATES,

LLC ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692,

et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3.  Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5.  Plaintiff is a natural person residing at Portland, Multnomah County, Oregon.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7.  Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9.  Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a national collection agency located in Norfolk, Virginia.

11. Defendant is a business entity engaged in the collection of bus debt within the State of Oregon.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant

sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. In July 2014, Defendant began placing collection calls to Plaintiff.

21. Defendant calls Plaintiff on Plaintiff's cellular telephone at 971-404-7523 in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 757-663-7884, 731-577-4188, 757-512-5018, 757-251-0504, and 620-860-1573.

23. 757-663-7884, 731-577-4188, 757-512-5018, 757-251-0504, and 620-860-1573 are Defendant's telephone numbers.

24. Within the last year, Plaintiff answered several of Defendant's calls placed to Plaintiff's cell phone.

25. Each time Plaintiff answers Defendant's calls, Plaintiff disputes the alleged debt and requests for Defendant to cease contacting Plaintiff.

26. Despite Plaintiff's disputes and repeated requests for Defendant to cease contacting Plaintiff, Defendant continues to place collection calls to Plaintiff.

27. Defendant calls Plaintiff's cell phone at an annoying and harassing rate, usually 4-5 times

3

per day.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant's collectors continued to call Plaintiff's cellular telephone after Plaintiff repeatedly disputed the alleged and requested that Defendant stop calling; and

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant continuously called Plaintiff, usually 4-5 times per day, after Plaintiff repeatedly told Defendant to stop calling her.

   WHEREFORE, Plaintiff, ALICIA LESURE, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

31. Any other relief that this Honorable Court deems appropriate.

DATED: October 15, 2014                    RESPECTFULLY SUBMITTED,


                                    By:    /s/ Sharon D. Cousineau_____
                                           Sharon D. Cousineau
                                           Samwel, Cousineau & Shea, PC
                                           700 West Evergreen Blvd.
                                           Vancouver, WA 98660
                                           Tel. 360-750-3789
                                           Fax 360-750-3788
                                           scousineau@scslawoffice.com